IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN TERRY,<br>　　　　Petitioner,<br><br>　　　　v.<br><br>KEVIN RAMSON, *et al.*,<br>　　　　Respondents. | :<br>:<br>:<br>:   Civil No. 2:20-cv-03521-JMG<br>:<br>:<br>: |

**ORDER**

**AND NOW**, this 13th day of April, 2021, upon careful and independent consideration of Nathan Terry's Amended Petition for Writ of Habeas Corpus (ECF No. 17), the Commonwealth's response in opposition (ECF No. 43), the Report and Recommendation of U.S. Magistrate Judge Richard A. Lloret (ECF No. 58), petitioner's objections thereto (ECF No. 60), and petitioner's motions to amend the habeas petition (ECF Nos. 59 and 65), we find as follows:

1. On August 10, 2020, Nathan Terry filed an amended petition for writ of habeas corpus. (ECF No. 17.) The case was ultimately referred to United States Magistrate Judge Richard A. Lloret. (ECF No. 33.) Judge Lloret issued a Report and Recommendation on March 16, 2021. (ECF No. 58.)

2. On March 29, 2021, Mr. Terry filed objections to the Report and Recommendation. (ECF No. 60.) The objections appear to raise, for the first time, an "actual innocence" claim. (*Id.* at 4.) Even if this freestanding claim was cognizable, it does not meet the "extraordinarily high" standard necessary to prevail. *See Wright v. Superintendent Somerset SCI*, 601 F. App'x 115, 119–20 (3d Cir. 2015) (quoting *Herrera v. Collins*, 506 U.S. 390, 417 (1993)). The remaining objections are meritless and do not undermine Judge Lloret's well-

      reasoned Report and Recommendation.

3.     After the issuance of the Report and Recommendation, Mr. Terry also filed two motions to amend his habeas petition. (*See* ECF Nos. 59 and 65). At the outset, Mr. Terry's motions violate LOCAL CIVIL RULE 72.1(IV)(c). Under that rule, "[a]ll issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge." LOCAL CIV. R. 72.1(IV)(c).

4.     Nevertheless, "[l]eave to amend a habeas corpus petition may be granted for the same reasons that a pleading in a civil action may be amended." *Anderson v. Vaughn*, No. 00-1185, 2000 WL 1763672, at *1 (E.D. Pa. Nov. 30, 2000); *see also* FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Justice does not require that we grant petitioner's motions to amend. Petitioner could have requested leave to further amend his habeas petition before Judge Lloret submitted the Report and Recommendation. *See Pressley v. Coleman*, No. 12-4006, 2013 WL 3176799, at *1 (E.D. Pa. June 24, 2013) (denying leave to amend where petitioner "could have sought leave to amend prior to the submission of the Report and Recommendation"). Respondents would be prejudiced by further amendment, as the habeas petition has been fully litigated. *Id.* And, above all, Mr. Terry "does not set forth any facts that would cure the deficiencies noted by Judge [Lloret]—that all of Petitioner's claims are not cognizable and procedurally defaulted." *Id.*

**WHEREFORE,** it is **HEREBY ORDERED** that:

1. The Report and Recommendation of Magistrate Judge Richard A. Lloret (ECF No. 58) is **APPROVED** and **ADOPTED**;

2. Mr. Terry's Amended Petition for Writ of Habeas Corpus (ECF No. 17) is **DISMISSED** with prejudice by separate Judgment, filed contemporaneously with this Order. *See* Federal Rule of Civil Procedure 58(a); Rules Governing Section 2254 Cases in the United States District Courts, Rule 12;

3. **NO CERTIFICATE OF APPEALABILITY SHALL ISSUE** under 28 U.S.C. § 2253(c)(1)(A) because "the applicant has [not] made a substantial showing of the denial of a constitutional right[,]" under 28 U.S.C. § 2253(c)(2), since he has not demonstrated that "reasonable jurists" would find my "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see United States v. Cepero*, 224 F.3d 256, 262–63 (3d Cir. 2000), *abrogated on other grounds by Gonzalez v. Thaler*, 565 U.S. 134 (2012);

4. Mr. Terry's "Motion to Amend § 2255 Remedies" (ECF No. 59), "Motion to Objection to the Report and Recommendation" (ECF No. 60), and "Motion to Amend Second Claim on Habeas Review" (ECF No. 65) are **DENIED**; and

5. The Clerk of Court shall mark this file **CLOSED**.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge